(90 App. Div. 103.)

### FELIX v. DEVLIN et al.

(Supreme Court, Appellate Division, First Department. January 15, 1904.)

1. JUDICIAL SALE — SPECIFIC PERFORMANCE — ABATEMENT FOR DEFECT OF TITLE.

A parcel of land was sold for $21,000 at public sale, the terms of which described the land by lot numbers, and distances, dimensions, and boundaries, as shown by a map according to which the property was sold, and, in addition, contained the statement, "be the said dimensions or distances more or less"; and in an action by the purchaser for specific performance, with an abatement for defect in title, it appeared that a small fragment, whose value was fixed at $1,000, had previously been conveyed. *Held*, that a judgment in favor of defendants, based on the ground that the words quoted qualified the description of the property as appearing on the map sufficiently to obviate the objection as to the fragment conveyed, would not be interfered with on appeal.

2. SAME—ALLOWANCE OF INTEREST ON BID.

If plaintiff was compelled in such case to take the title as thus diminished in value, he should not be mulcted with interest on the purchase price from the date of the sale; the rents in the meantime having gone to defendants.

3. SAME—KNOWLEDGE· OF PURCHASER'S AGENT—EFFECT AS TO SUBSEQUENT CONTRACT.

Loose and indefinite knowledge as to the title possessed by the agent of the purchaser at a judicial sale could not destroy the force and effect of a subsequent contract.

4. SAME—MARKETABLE TITLE—REASONABLE DOUBT—RELEASE OF PURCHASER.

Where a purchaser of land objects to the title, and the title, as shown by the evidence, is open to reasonable doubt, it is not a marketable title, and the court cannot make it one by passing on an objection depending on a disputed question of fact or a doubtful question of law, in the absence of the party in whom the outstanding right is vested; and hence, in an action for specific performance, with abatements for defects and deficiencies, it would be improper, in this condition of the title, to direct a conveyance, and impracticable to determine what allowance should be made for diminution in value resulting from the doubt, and the purchaser should be relieved from the purchase.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Peter W. Felix against Daniel C. Devlin and others for specific performance of a contract of sale of real estate, with abatements for alleged defects and deficiencies. From a judgment in favor of defendants, plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Louis O. Van Doren, for appellant.

Merritt E. Haviland, for respondents.

O'BRIEN, J. The issue herein was defined by this court upon an appeal by this same plaintiff which presented another phase of the litigation which has grown up about the property involved, in the following language:

"The defendants in their answers admitted the making of the contract, and asked for a specific performance of it as it was made. So that the only question presented was whether the defendants were entitled to have the contract performed precisely as it was made, or whether Felix was entitled to the specific performance of the contract, with a diminution of the purchase price by way of compensation for certain defects in the title and a deficiency in the quantity of the land." 50 App. Div. 332, 64 N. Y. Supp. 214.

The plaintiff, at public auction, purchased two distinct parcels of land under the waters of the North river for two different prices— the larger parcel, lying wholly north of 137th street, for $21,000; and the smaller parcel, lying wholly south of 137th street, for $2,900. The plaintiff brought this action to obtain a specific performance of the contract of sale, but claimed that he was entitled to compensation for diminution in the value of the parcels due to two considerations, which may be briefly stated: First, that the vendor had no title to a fragment of the larger parcel, namely, a piece on the northwest corner of 137th street and 12th avenue, about 3 feet long on 12th avenue, and 6 inches on 137th street, which had been deeded to the Hudson River Railroad Company; and second, that a part of the smaller parcel was affected by a grant made by the city of New York, dated December 4, 1804, and recorded in the office of the comptroller, which projected into and occupied a part of the area of land conveyed under the terms of sale to the plaintiff.

In view of the protracted litigation which has ensued, and the voluminous record, consisting of the maps and expert testimony bearing upon the questions in dispute, it would exceed the limits of an opinion to give in detail the reasons for our conclusion, and it will be necessary only to briefly refer to them.

With respect to the larger parcel, which is affected by the grant to the railroad company, it is conceded that the vendor has no title to the small piece thereof on the northwest corner of 137th street which, as stated, is 3 feet in length on the avenue, and measures 6 inches on 137th street. The only testimony as to the value of this small strip was that furnished by one of the plaintiff's experts, who fixed its value at $1,000. The terms of sale to the· plaintiff described the land by lot numbers, and by distances, dimensions, and boundaries, as shown on a map according to which the property was sold, which terms contained

the statement, "be the said dimensions and distances more or less."
Thus qualified, the description of the property as appearing on the map
was deemed by the learned judge at Special Term sufficient to obviate
the objection made as to the fragment which had been conveyed to
the railroad company. Although the fragment is small, considering
its location as bearing upon and affecting the value of the land, we
think it would have been equitable, at least, if plaintiff is to be com-
pelled to take the title to the larger portion as thus diminished in value,
that he should not be mulcted with interest upon the purchase price
from the date of the sale. What, if anything, may have been reccived
from the property by way of rents, went to the defendants; and, al-
though we do not think that we should interfere with the judgment
of the Special Term as to the validity of the title, the additional term
imposed of interest was, in our opinion, inequitable.

We have not overlooked the contention of the defendants based up-
on what they claim to have been the knowledge of plaintiff's agent as
to the condition of the property at the time of the sale. The fact that
he made inquiries as to the rights of the railroad, and may have been
familiar with the general situation of the property, did not, however, .
prevent the plaintiff from relying upon the contract of the defendants,
whereby, as shown by the terms of sale, they undertook to sell and did
sell to the plaintiff the lot including the fragment conveyed to the
railroad. In other words, loose and indefinite knowledge possessed
by the agent could not destroy the force and effect of a subsequent con-
tract; and we have, therefore, approached the consideration of the
questions involved, having in view the legal rights of the parties as
fixed by their contract. Upon this branch of the case, we think the
plaintiff is entitled to a specific performance to the extent that the de-
fendants are able to comply, which will include a conveyance of the
larger parcel, less the fragment in dispute; the defendants to be al-
lowed to retain whatever they may have collected in the way of rents,
and the plaintiff not required to pay any interest upon the amount
of his bid.

As to the smaller parcel, we think the doubt arising as to the extent
and location of the Schieffelin grant, of 1804, renders the title to the
land unmarketable. The fact of the Schieffelin grant having been
established, the whole controversy was waged as to its extent and loca-
tion. Such grant appears upon two different city maps, made, re-
spectively, by Serrell and Smith; and we have, in addition, the map
prepared by the plaintiff's expert, which shows the water grant to
Schieffelin located in accordance with what is its language and fol-
lowing the official maps, and would tend to prove that this grant over-
laps and occupies part of the area of the smaller parcel here involved.
There is, of course, the defendants' evidence, which would tend to
show, by the language of the instrument, that the westerly boundary of
the Schieffelin grant was fixed at low-water line. After thus locating
the westerly boundary, it is argued that the lateral lines of the grant
should be laid out perpendicularly to the general course of the shore
of the Hudson river, and this may be done without any overlapping.
There is, however, just as much reason for following the lines of the
grant from 11th avenue and 136th street; and, as the lines from 11th

avenue run in a northwesterly direction, if we continue them along in the same course without change or divergence they will bring us to the lot in question. Upon the evidence, therefore, a disputed question of fact is presented as to the exact location of the Schieffelin grant.

We have not overlooked the additional argument presented by the defendants, that, as the Schieffelin grant was not recorded in the register's office prior to the recording of the grant from the mayor to Devlin, it is therefore void as against them. The Schieffelin grant is dated December 4, 1804, and recorded in the book of water grants in the city comptroller's office. The Devlin grant was made in 1852, and was duly recorded in the register's office. In support of the argument that the failure to record the Schieffelin grant in the register's office makes it void as against the subsequent recorded Devlin grant, we are referred to the case of Fort v. Burch, 6 Barb. 60, which is quoted with approval in Westbrook v. Gleason, 79 N. Y. 23. It appears, however, on the other hand, that the earliest recording act in relation to deeds of lands in the city of New York was passed in 1810 (chapter 175, Laws 1810), and the Legislature passed the general recording act in 1813 (chapter 97, p. 369, Rev. Laws 1813). The Schieffelin grant, therefore, was made at a time when there was no existing recording act; and the question is presented whether or not the Legislature has the power to declare deeds or grants, good when made, and which were not then required to be recorded, void as to subsequent purchasers if not recorded pursuant to some later provisions of law. The case of Varick's Ex'rs v. Briggs, 22 Wend. 543, is seemingly an authority for the proposition that the Legislature has not the power to render invalid a deed which was good when made, and when there was no recording act, by subsequent legislation rendering a failure to record such a deed void as to subsequent purchasers.

We have, therefore, a case wherein we are asked to resolve a disputed question of fact, or a doubtful question of law, in the absence of parties who, upon the settlement of such questions, would be entitled to be heard. Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905. That case is an authority for the proposition, which is now well settled, that "the purchaser of land at a judicial sale is entitled to a marketable title. A title open to a reasonable doubt is not a marketable one, and the court cannot make it one by passing upon an objection depending on a disputed question of fact, or a doubtful question of law, in the absence of the party in whom the outstanding right is vested." In this condition of the title, it would be improper for us to direct the conveyance of the parcel to the plaintiff, and impracticable to determine what, if any, allowance should be made him because of the diminution in value resulting from the doubt which exists as to whether the land is or is not affected by the Schieffelin grant.

The judgment should be accordingly modified by directing that, as to the smaller parcel, plaintiff be released from his purchase, and by striking out the interest on the purchase price of the larger parcel, and the costs of the court below; and, as so modified, the judgment should be affirmed, without costs to either party in this court. All concur, except VAN BRUNT, P. J., who dissents.